IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

GIRMA ABESU,                              §
                                          §
        Plaintiff,                        §
                                          §
v.                                        §        Civil Action No. 3:24-CV-3171-N
                                          §
ALLSTATE VEHICLE AND PROPERTY §
INSURANCE COMPANY,                        §
                                          §
        Defendant.                        §

**MEMORANDUM OPINION AND ORDER**

This Order addresses Defendant Allstate Vehicle and Property Insurance Company's ("Allstate") motion for summary judgment [17]. For the following reasons, the Court grants the motion for summary judgment.

**I. ORIGINS OF THE MOTION**

This case arises from a dispute regarding insurance for Plaintiff Girma Abesu's property. Allstate insured Abesu's property from May 30, 2023, to May 30, 2024. Def.'s App. 5 [19]. Abesu filed an insurance claim on September 1, 2023, alleging damage to the interior of the home from a water leak on August 29, 2023. *Id*. On September 2, Allstate assigned Gregory Hunter to examine the alleged damage. Pl.'s App. 141 [32]. Abesu alleges that Hunter examined the home, took moisture readings confirming there was moisture in each room, and attributed the loss to a burst waterline in the laundry room, but failed to take photos or otherwise document the damage. Pl.'s Resp. 4 [31]. Hunter left Allstate, and Allstate reassigned the case to a new adjuster, Andrew Ramirez. Pl.'s App.

MEMORANDUM OPINION AND ORDER – PAGE 1

115.  Ramirez examined the case and found demolished materials with no pre-demolition photographs, no moisture readings from any of Hunter's inspections, and no file notes.  *Id*. at 69.  On October 19, 2023, Allstate denied part of Abesu's claim and paid $3,100.31 with $1,273.47 available in recoverable depreciation coverage.  Def.'s App. 182–95.  Abesu then brought this suit.

## II.  SUMMARY JUDGMENT STANDARD

Courts "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986).  In making this determination, courts must view all evidence and draw all reasonable inferences in the light most favorable to the party opposing the motion.  *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).  The moving party bears the initial burden of informing the court of the basis for its belief that there is no genuine issue for trial.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

When a party bears the burden of proof on an issue, "he must establish beyond peradventure all of the essential elements of the claim or defense to warrant judgment in his favor."  *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986).  When the nonmovant bears the burden of proof, the movant may demonstrate entitlement to summary judgment either by (1) submitting evidence that negates the existence of an essential element of the nonmovant's claim or affirmative defense, or (2) arguing that there is no evidence to support an essential element of the nonmovant's claim or affirmative defense. *Celotex*, 477 U.S. at 322–25.

MEMORANDUM OPINION AND ORDER – PAGE 2

Once the movant has made this showing, the burden shifts to the nonmovant to establish that there is a genuine issue of material fact so that a reasonable jury might return a verdict in its favor. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986).

### III. THE COURT GRANTS SUMMARY JUDGMENT

Abesu brings three claims: (1) breach of contract; (2) violation of the Texas Prompt Payment of Claims Act ("PPCA"), TEX. INS. CODE § 542.001, *et seq*; and (3) violations under chapter 541 of the Texas Insurance Code, *id*. §§ 541.051, 060–61. Allstate argues Abesu lacks evidence to support a genuine fact issue for trial and moves for summary judgment on each claim. The Court takes them in turn.

### A. Abesu Does Not Provide Summary Judgment Evidence of a Breach of Contract

Under Texas law, "[i]n any insurance action, an insured cannot recover under an insurance policy unless facts are pleaded and proved showing that damages are covered by his policy." *Seger v. Yorkshire Ins. Co., Ltd.*, 503 S.W.3d 388, 400 (Tex. 2016) (citation omitted). Initially, the insured has the burden of establishing coverage under the terms of the policy." *Id*. (citation omitted).

Here, Abesu fails to establish that the damages are attributable to a covered loss. Allstate offers an expert report by Kevin Maxwell stating that the home had "long-term, ongoing failure of the water supply lines," and that some of the damage was pre-existing. Def.'s App. 757 [27]. Maxwell came to this conclusion based on his independent inspection of the property and reviewing photos, files, and Abesu's prior claims with other insurers for water damage. Def.'s Mot. Summ. J. 13–14. Abesu turns to the appraiser as

MEMORANDUM OPINION AND ORDER – PAGE 3

an expert on the cause of the damage.  Pl.'s Resp. 10–11.  But an appraiser cannot establish causation.[1]

"In Texas, appraisals are limited to determining the amount of loss—liability is an issue reserved for the courts."  *Hart Chesnutt, LLC v. Covington Specialty Ins. Co.*, 622 F. Supp. 3d 306, 311 (N.D. Tex. 2022); *see Jackson v. State Farm Fire & Cas. Co.*, 2024 WL 1183670, at *7 (S.D. Miss. 2024) (finding that "the long-term effects of moisture on a house, and other categories of property damage require expertise to accurately understand, and are therefore not properly the subject of lay opinion on causation"); *Great Am. Ins. Co. of New York v. Midland Chin Baptist Church*, 2022 WL 18046718, at *2 (W.D. Tex. 2022) (holding that an appraiser was considered a lay witness).

Thus, Abesu has failed to come forward with any evidence to refute Allstate's expert's findings, and the Court accepts these facts as undisputed.  *See Eversley v. MBank Dall.*, 843 F.2d 172, 174 (5th Cir. 1988).  Because Allstate's evidence demonstrates that the water damage at Abesu's property was caused by "pre-existing damage from multiple prior water leak claims and repeated, ongoing failures of his water supply lines," there is no coverage under the policy and Allstate properly denied Abesu's insurance claim.  Def.'s Mot. Summ. J. 16.  Accordingly, Plaintiff fails to show summary judgment evidence of a breach of contract.  *See Vizza Wash, LP v. Nationwide Mut. Ins. Co.*, 496 F. Supp. 3d 1029, 1038 (W.D. Tex. 2020).

---

[1] The policy language also states that "the appraisal award shall be binding on you and us concerning the *amount* of the loss," but that Allstate "reserve[s] the right to deny . . . based upon the lack of coverage."  Def.'s App. 201 (emphasis added).

MEMORANDUM OPINION AND ORDER – PAGE 4

Abesu also fails to segregate causes. Under the Texas concurrent-causation doctrine, if covered and uncovered events are inseparable, then causation is concurrent, the insurance policy's exclusion applies, and the insurer owes no coverage for the loss. *Dillon Gage Inc. of Dallas v. Certain Underwriters at Lloyds*, 636 S.W.3d 640, 645 (Tex. 2021).

Because there is evidence of concurrent causes, Abesu has the burden to provide proof that would enable a jury to reasonably apportion the resulting harm. *See Wallis v. United Servs. Auto. Ass'n*, 2 S.W.3d 300, 303 (Tex. App. 1999, pet. denied). Allstate argues that Abesu's home was damaged by both covered and non-covered causes of loss. Def.'s Mot. Summ. J. 15–16. Its expert stated that some of the damage to water could have been caused by events from the prior 2017, 2018 and 2020 claims as well as long-term, ongoing failure of the water supply lines (the non-covered causes) and by the leak on August 29, 2023 (the covered cause). *Id*. 16; Def.'s App. 755–57. The Court agrees that this is evidence of concurrent causes, thus triggering Abesu's burden to provide evidence to segregate causes. *See Tchakarov v. Allstate Indem. Co.*, 2021 WL 4942193, at *6 (N.D. Tex. 2021).

Abesu has not met his burden. "Although [an insured] is not required to establish the amount of his damages with mathematical precision, there must be some reasonable basis upon which the jury's finding rests." *Wallis*, 2 S.W.3d at 304. Abesu argues he has evidence to segregate causes because "Allstate's moisture equipment registered water damage," its "first adjuster authorized whole-house floor remediation," and Allstate's payment confirms "the August 2023 event was a real, covered loss." However, establishing that there is damage is not evidence separating the August 2023 damage from

MEMORANDUM OPINION AND ORDER – PAGE 5

any prior water damage.  Abesu also argues his "appraiser will testify that all of the claimed damages resulted from the August 2023 loss."  Pl.'s Resp. 15.  But, as the Court discussed above, an appraiser's testimony here is not causation evidence.  Accordingly, the Court grants Allstate's motion for summary judgment for the breach of contract claim.

### B.  Abesu Does Not Have Summary Judgment Evidence of a PPCA violation

Chapter 542 of the Texas Insurance Code, also known as PPCA, authorizes parties to bring claims for improperly delayed payment of benefits.  TEX. INS. CODE § 542.058. To succeed on a PPCA claim, an insured must show that that the insurer, "after receiving all items, statements, and forms reasonably requested and required under Section 542.055, delay[ed] payment of the claim."  *Id*.

Allstate did not violate PPCA because it did not wrongfully deny Abesu's claim. Allstate was not late in denying benefits Abesu is not entitled to receive because this Court held that Abesu is not entitled to coverage.  *See State Farm Lloyds v. Page*, 315 S.W.3d 525, 532 (Tex. 2010) ("When the issue of coverage is resolved in the insurer's favor, extra-contractual claims do not survive." (citation omitted)).  Accordingly, the Court grants summary judgment in favor of Allstate on Abesu's PPCA claim.

### C.  Abesu Does Not Have Summary Judgment Evidence of Chapter 541 Violations

Abesu brings seven claims under Chapter 541 of the Texas Insurance Code.  Pl.'s Am. Compl. ¶¶ 29–32.  Abesu alleges violations of (1) section 541.051; (2) section 541.060(a)(1)–(4), (7); and (3) section 541.061.  Section 541.051 provides that it is an unfair method of competition or an unfair or deceptive act or practice in the business of insurance to misrepresent the terms, benefits, advantages, or dividends of a policy.  TEX.

MEMORANDUM OPINION AND ORDER – PAGE 6

INS. CODE §§ 541.051.  Section 541.060(a) provides a cause of action against an insurer that engages in unfair settlement practices.  *Id*.  § 541.060.  Section 541.061 governs misrepresentations of the insurance policy.  *Id*. § 541.061.

As a threshold matter, Abesu's chapter 541 claims fail because he has failed to present evidence that would enable a reasonable jury to find in his favor on his claim for breach of the duty of good faith.  In contrast, the evidence shows that Allstate relied on its expert report in denying Abesu's claim.  The Court concludes that a reasonable jury could only find that Allstate's reliance on the expert report provided a reasonable basis for denial.  *See Weiser-Brown Operating Co. v. St. Paul Surplus Lines Ins. Co.*, 801 F.3d 512, 527 (5th Cir. 2015); *see also Kim v. Nationwide Mut. Ins. Co.*, 614 F. Supp. 3d 475, 495 (N.D. Tex. 2022) (collecting cases).  Each of his claims also fail for the following reasons.

***1. Sections 541.051, 541.060(a)(1), and 541.061.*** – Abesu's  section  541.051, 541.060(a)(1), and 541.061(a) claims fail as a matter of law.  These provisions of the Texas Insurance Code apply to misrepresentations of the terms of coverage on its face.  Abesu alleges that Allstate made "statements misrepresenting the terms and/or benefits of the policy," "failed to conduct a reasonable investigation" and "made untrue statements or omitted statements."  Pl.'s Resp 17; Pl.'s Compl. ¶ 18–19.  However, Abesu fails to argue what untrue or omitted statements Allstate made.  Abesu does not cite to the terms of policy or explain what part of the policy Allstate misrepresented.  Abesu has also failed to provide evidence that Allstate was predetermined to deny the claim from inception or that it misrepresented the Policy in any way.  Thus, Abesu has not identified a specific misrepresentation of material fact or misrepresentation of a *policy* provision.  *See, e.g.*,

MEMORANDUM OPINION AND ORDER – PAGE 7

*Thomas v. State Farm Lloyds*, 2015 WL 6751130, at *3 (N.D. Tex. 2015) (explaining that "an insurer does not misrepresent a policy when it disagrees with the insured party as to whether the policy covers a claim").

Abesu's arguments focus on the wrongful denial coverage rather than misrepresentations of policy  Pl.'s Resp 17.  Abesu's arguments about Chapter 541 are limited to addressing the investigation.  He argues that "an underdocumented handoff, an eight-month delay with ALE [additional living expense] cutoff after just three months, and [the coverage] denial" show Allstate failed to reasonably investigate and attempt a fair settlement.  Pl.'s Resp. 17.  However, a dispute about coverage is not a misrepresentation of the policy.  *E.g.*, *Patton v. Meridian Sec. Ins. Co.*, 617 F. Supp. 3d 516, 530 (N.D. Tex. 2022) (granting summary judgment on a section 541.051 claim); *CapLOC LLC v. Liberty Mut. Ins. Eur. Ltd.*, 2021 WL 2551591, at *8 (N.D. Tex. 2021) (section 541.060(a)(1)); *Tex. Mut. Ins. Co. v. Morris,* 383 S.W.3d 146, 150 (Tex. 2012) (section 541.061).  Thus, the Court grants summary judgment on Abesu's section 541.051, 541.060(a)(1), and 541.061 claims.

**2. Section 541.060(a)(2).** - Section 541.060(a)(2) requires Allstate to "attempt in good faith to effectuate a prompt, fair, and equitable settlement" and "to promptly provide . . . a reasonable explanation . . . for the insurer's denial of a claim."  TEX. INS. CODE § 541.060(a)(2).  However, such a claim fails where the insurer "had a reasonable basis for denying" the claim.  *Laws. Title Ins. Corp. v. Doubletree Partners, L.P.*, 739 F.3d 848, 870 (5th Cir. 2014).  Here, given the Court's holding that Abesu is not entitled to coverage for

MEMORANDUM OPINION AND ORDER – PAGE 8

its claim, Allstate had a reasonable basis for denying coverage. Accordingly, the Court grants summary judgment on Abesu's section 541.060(a)(2) claim in favor of Allstate.

*3. Section 541.060(a)(3) and (4).* - Additionally, Abesu lacks summary judgment evidence for his section 541.060(a)(3) and (4) claims. Section 541.060(a)(3) requires insurers to "provide to a policyholder a reasonable explanation of the basis in the policy in relation to the facts or applicable law." TEX. INS. CODE § 541.060(a)(3). Here, Abesu's claim fails because he admitted that Allstate provided an explanation for the decision, and that he merely disagreed with it. *See* Pl.'s Resp. 17; *Birdow v. State Farm Mut. Automobile Insurance Co.*, 2021 WL 5448973, at *7 (N.D. Tex. 2021) (explaining that a challenge to the adequacy of an explanation is not sufficient to state a section 541.060(a)(3) claim).

The same reasoning applies to Abesu's section 541.060(a)(4) claim. Section 541.060(a)(4)(A), prohibits insurers from "failing within a reasonable time to affirm or deny coverage of a claim to a policyholder." TEX. INS. CODE § 541.060(a)(3). The record shows that Allstate affirmed or denied coverage in a reasonable time. Allstate inspected the property within one week of receiving Abesu's claim. Pl.'s Resp. 4. After its second adjuster took over, Allstate sent an email explaining why it was denying some of his claims and paid Abesu for what his policy did cover.[2] Def.'s Mot. Summ. J. 4. Courts have found similar and even longer response times reasonable as a matter of law. *E.g.*, *Lee v. Catlin Specialty Ins. Co.*, 766 F.Supp.2d 812, 825 (S.D. Tex. 2011) (finding a six-month period

---

[2] After significant demolition and repair work to determine the extent of the damage, Allstate sent a final denial letter in April of 2024. *See* Def.'s Mot. Summ. J. 5; *e.g.*, Def.'s App. 126.

MEMORANDUM OPINION AND ORDER – PAGE 9

reasonable); *Hansen v. State Farm Lloyds*, 2025 WL 963079, at *8 (S.D. Tex. 2025) (finding an initial coverage determination within two weeks and ongoing re-inspections over the course of eight months reasonable). Accordingly, the Court grants summary judgment on the section 541.060(a)(3) and (4) claims.

 *4. Section 541.060(a)(7). -* Finally, section 541.060(a)(7) prohibits insurers from "refusing to pay a claim without conducting a reasonable investigation." TEX. INS. CODE § 541.060(a)(7). Abesu argues that his own observations of the investigation demonstrate that Allstate acted unreasonably. Pl.'s Resp. 11. But Abesu's opinion as a lay person does not invalidate expert evidence and Abesu does not provide his own expert report to refute Allstate's. Without more evidence, Abesu fails to raise a genuine fact issue as to the reasonableness of Allstate's coverage determinations. *See Bakri v. Nautilus Ins. Co.*, 2023 WL 1805142, at *5 (N.D. Tex. 2023). Thus, the Court grants summary judgment as to Abesu's chapter 541.060(a)(7) claim.

## CONCLUSION

 The Court grants Allstate's motion for summary judgment because Abesu has not shown a genuine dispute of material fact for his breach of contract, PPCA, and Texas Insurance Code chapter 541 claims.

 Signed July 6, 2026.

David C. Godbey
Senior United States District Judge

MEMORANDUM OPINION AND ORDER – PAGE 10